UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN GARCIA,

                Plaintiff,

-against-

YONKERS BOARD OF EDUCATION,

                Defendant.

No. 15 Civ. 767 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Carmen Garcia ("Plaintiff") commenced this employment discrimination action on February 2, 2015 against the Yonkers Board of Education ("YBOE" or "Defendant") and several other defendants.[1] (ECF No. 1.) By Opinion and Order dated August 21, 2018, this Court granted summary judgment in favor of Defendant (the "August 2018 Opinion"), dismissing Plaintiff's remaining cause of action, which asserted retaliation in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 ("Title VII"). (ECF No. 67.)[2]

---

[1] In addition to the YBOE, Plaintiff initially sued Edwin Quezada, Angela Arias, Rafael Pasian, Antoine Atinkpahoun, and Ramon Martinez (the "Individual Defendants"). (*See* ECF No. 15.) By Opinion and Order dated May 27, 2016 (the "2016 Opinion"), this Court granted in part and denied in part Defendants' motion to dismiss the amended complaint. (*See* ECF No. 25.) This Court thereby dismissed the Amended Complaint against the Individual Defendants, as Title VII does not permit individual liability. (*Id.* at 8, 20.)

Plaintiff originally alleged causes of action sounding in gender discrimination in violation of Title VII, the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290–97; and Westchester County Human Rights Law ("WHRL") § 700.01, and a breach of contract claim for an alleged violation of the collective bargaining agreement. (*See* Am. Compl.) In the 2016 Opinion, in addition to dismissing all claims against the Individual Defendants, this Court also dismissed the Title VII, NYHRL, and WHRL discrimination claims, as well as the contract claim, leaving only Plaintiff's retaliation claim. (*See* ECF No. 25.)

[2] Plaintiff subsequently appealed this decision, and on February 14, 2020, the Second Circuit affirmed the grant of summary judgment. (See ECF No. 82.)

1

Presently before the Court is Plaintiff's Motion for Relief from Summary Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (the "Motion"), based on the apparent unearthing of new evidence related to her underlying retaliation claim. (*See* ECF No. 72.) For the following reasons, Plaintiff's Motion is **DENIED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") provides, in relevant part:

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

This rule "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 729 F.2d 58, 61 (2d Cir. 1986) (internal citations omitted).

As the Second Circuit has instructed, "Rule 60(b) provides 'extraordinary judicial relief' that may be granted 'only upon a showing of exceptional circumstances.'" *Harrison v. N.Y.C. Admin. For Children's Servs.*, No. 02 Civ.947 RCC RLE, 2005 WL 2033378, at *1 (S.D.N.Y. Aug. 23, 2005) (quoting *Nemaizer*, 793 F.2d at 61). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally . . . require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Notably, the rule may not be used as a substitute for a timely appeal. *Nemaizer*, 793 F.2d at 61. Moreover, a "Rule

60(b) motion may not be used "to relitigate issues already decided." *Maldonado v. Local 803 I.B. of T. Health and Welfare*, 490 F. App'x 405, 406 (2d Cir. 2013).

## DISCUSSION

The Court presumes the parties' familiarity with the facts and procedural history previously summarized in its Opinion and Order on Defendant's motion for summary judgment. *See Garcia v. Yonkers Bd. of Educ.*, No. 15 CIV. 0767 (NSR), 2018 WL 4007648, at *1 (S.D.N.Y. Aug. 21, 2018), *aff'd*, No. 18-2699-CV, 2020 WL 747916 (2d Cir. Feb. 14, 2020) (addressing defendants' motion for summary judgment) (ECF No. 67).

In the instant motion, Plaintiff advances two arguments: (1) that the 3020-a hearing findings cannot be found to be preclusive; and (2) that relief is warranted under Rule 60(b)(2) because new evidence was not previously available. (Pl. Mem. of Law in Support of Pl. Mot., ECF No. 73, at 4–6.) As explained below, the Court finds that neither basis compels the extraordinary remedy of overturning the August 2018 Opinion.

### I.  Rule 60(b)(2) Motion

Rule 60(b)(2) "provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." *Victorinox AG v. B&F Sys., Inc.*, No. 15-CV-4032, 2017 WL 4149288, at *5 (2d Cir. Sept. 19, 2017) (summary order) (internal quotation marks omitted). In order to prevail on a Rule 60(b)(2) motion, the movant must demonstrate that:

> (1) the newly discovered evidence was of facts that existed at the time of the trial or other dispositive proceeding, (2) the movant [was] justifiably ignorant of them despite due diligence, (3) the evidence [was] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (internal quotation marks omitted). The Second Circuit characterizes this as an "onerous standard." *Id.*

The new evidence presented by Plaintiff is an affidavit from Christopher Pearson ("Pearson"), dated July 18, 2019. (ECF No. 73 at 10–12 ("Pearson Aff.").) Pearson, who is one of Plaintiff's former students, describes one of the events leading to Plaintiff's disciplinary charges: an incident that occurred in Plaintiff's mathematics class on March 7, 2012. (*Id.*) Pearson states that "[Plaintiff] asked me to sit down a few times," and "she put her hand on my shoulder in a non-violent way." (*Id.* at ¶ 4.) Pearson continues, "[Plaintiff] never physically touched me in a violent or inappropriate manner." (*Id.* at ¶ 7.) Pearson states that when interviewed by Mr. Cartica and the other assistant principals, "[t]hey were persuading my answers by nodding or shaking their head," and "I feel I was manipulated by the administrators to create a written statement that was modified and taken out of context." (*Id.* at ¶¶ 6–7.)

Defendant argues that plaintiff has failed to demonstrate that this evidence could not with reasonable diligence have been discovered before entry of the judgment. Furthermore, Defendant argues, Plaintiff has not demonstrated that "the evidence is of such importance that it would have changed the outcome of the case." *Int'l Bhd. of Teamsters*, 247 F.3d at 392. The Court agrees with Defendant on both issues.

*First*, Plaintiff offers a flimsy explanation for why this evidence was not discovered earlier. Plaintiff's affidavit submitted in connection with the instant motion states: "the . . . affidavit was not discovered earlier because I did not assume the responsibility of discovery at the time, my attorney did." (ECF No. 73 at 8.) This does not justify the delay in discovering this evidence—

4

seven years after the incident took place, and nearly four years after commencing this action.[3] *See Whitaker v. New York Univ.*, No. 09 CIV. 8410 LTS, 2012 WL 2369510, at *3 (S.D.N.Y. June 20, 2012), *aff'd*, 543 F. App'x 113 (2d Cir. 2013) (denying Rule 60(b)((2) motion and concluding "Plaintiff's allegation that the plaintiff's "former attorney failed to perform her duties and due diligence and represent the case" is conclusory and does not warrant relief from the Court's judgment."). Plaintiff has thus failed to demonstrate that she was "justifiably ignorant of [the newly discovery evidence] despite due diligence." *Int'l Bhd. of Teamsters*, 247 F.3d at 392.

*Second*, the new evidence—Pearson's affidavit—does not rise to the level of importance that would warrant relief under Rule 60. The affidavit relates only to the March 7, 2012 incident; which was one of several bases for the disciplinary charges brought against Plaintiff. (*See* August 2018 Opinion at 2–3.) As to this incident, the 3020-a hearing officer assessed the information presented and specifically noted that "none of the students testified here, and even the investigator who interviewed [Plaintiff] and the students was not called as a witness." (Opinion and Award in the matter of the disciplinary proceeding between Yonkers City School District and Carmen Garcia dated November 18, 2013, ECF No. 75, Ex. 2, at 31.) The officer concluded that "the District has failed to prove that [Plaintiff] pushed a student." (*Id.*) As a result, Pearson's statements denying that Plaintiff physically touched him in a violent or inappropriate manner are irrelevant to the charges that were ultimately sustained against Plaintiff and resulted in her termination.

Plaintiff's challenge to the preclusive effect of the 3020-a hearing findings is also unavailing. The Court previously determined "Plaintiff's arguments that . . . she never told a student "I am going to smack you", are precluded by the findings of the 3020-a Hearing Officer."

---

[3] Plaintiff's explanation regarding the 3020-a proceedings does not resolve the issue of why Pearson's testimony was not sought prior to the conclusion of discovery in this case, especially since Pearson's identity was known to Plaintiff from the inception of the litigation.

(August 2018 Opinion and Order at 9.) The hearing officer found "competent, credible evidence" that Plaintiff told a student, "I would smack you." (ECF No. 75, Ex. 2, at 31.) Pearson's affidavit neither confirms nor denies that Plaintiff made this statement. Plaintiff's argument seems to boil down to the position that the Pearson affidavit should cast doubt on the validity of the entirety of the 3020-a proceedings, and that it demonstrates that Defendant presented false or misleading information during the 3020-a hearing as a form of retaliation. This argument plainly overreaches. The Pearson affidavit at most contains tepid speculation that his words were "modified and taken out of context." (Pearson Aff. ¶ 7.) Moreover, the hearing officer's findings make no reference to Pearson's written statement. For these reasons, Plaintiff has failed to demonstrate that the Court should alter its conclusion regarding the preclusive effects of the 3020-a hearing officer. Furthermore, Plaintiff has failed to demonstrate that this affidavit is "of such importance that it probably would have changed the outcome" in this case. *Int'l Bhd. of Teamsters*, 247 F.3d at 392.

The Court concludes that Plaintiff has failed to meet the standard for relief pursuant to Rule 60(b)(2). Accordingly, the Court DENIES her Rule 60(b)(2) motion for relief from the August 2018 Opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 72.

Dated: May 28, 2020
      White Plains, New York

SO ORDERED,

_____
NELSON S. ROMÁN
United States District Judge